ALLIS-CHALMERS MFG. CO., Appellant, v. NEIN, Respondent.

(262 N. W. 235.)

(File No. 7802.   Opinion filed September 9, 1935.)

*David F. Heffron,* of Martin, and *Parliman & Parliman,* of Sioux Falls, for Appellant.

*W. J. Hooper,* of Gregory, for Respondent.

POLLEY, J. This action, in claim and delivery, was brought for the purpose of recovering possession of a traction engine. The engine belonged to the plaintiff, and on the 27th day of April, 1931, plaintiff and defendant entered into a conditional sales contract for the purchase thereof. The price of the engine was $2,450. Of this amount $550 was paid at the time of the execution of the contract. The balance of $1,900 was evidenced by three promissory notes for $633.33 each and due September 1, 1931, September 1, 1932, and September 1, 1933, respectively. Possession of the engine was given to the defendant at the time of the execution of the contract.

Defendant defaulted in the payment of the three notes when due, and on the 27th day of April, 1934, Plaintiff undertook to obtain possession of the engine. The conditional sales contract contains a provision to the effect that if the purchaser should default in any payment, or fail to comply with any other condition of the contract, then plaintiff might take immediate possession of said property, without demand, and that it might enter upon the premises where the property was found and remove the same.

Plaintiff in its complaint alleges that it is the owner of and entitled to the immediate possession of the engine, and that it had demanded and been refused possession thereof before the commencement of the action.

Defendant interposed a general denial but did not allege any interest in or title to the property. The case was tried to a jury, and the court directed a verdict for defendant. Judgment was entered accordingly, and plaintiff appeals.

The verdict was directed upon two grounds: First, because the appellant did not show a demand for the possession of the property before the commencement of the action; and, second, defendant having alleged ownership of the engine, could not prove, as a basis of recovery, the special interest which entitled it to the possession of the engine. No other questions are presented by the record.

Upon the question of demand the county sheriff testified, and his testimony is in no manner disputed, that he went to the defendant and told him that he had come for that tractor; that in reply to such request the defendant said that he didn't think he would give it up. This, we think, was a sufficient demand to satisfy the requirement of the law, and plaintiff had a right to commence the action when it did.

We think plaintiff's evidence sustains its allegation of ownership. The conditional sales contract contains the following provisions: "Title to said property shall not pass to the purchaser until all indebtedness hereunder is fully paid in cash. * * * In the event that purchaser defaults on any payment or fails to comply with any condition of this contract, * * * all indebtedness hereunder shall be immediately due and payable without notice, and the dealer (plaintiff) may take immediate possession of said property without demand (possession after default being unlawful), * * * and for that purpose the dealer may enter upon the premises where said property may be and remove the same."

Title never passed to defendant. The title remained in plaintiff, and defendant had no interest in or right to the property except the right to use the property within prescribed limits, and the right to have title vest in him upon fully paying the agreed price. These rights were forfeited when defendant defaulted in the payment of the notes; and when plaintiff demanded possession of the tractor it was the unconditional owner of and entitled to the immediate possession of the said tractor.

The relationship between a chattel mortgagor and mortgagee is not the same as the relationship between the vendor and the

vendee in a conditional sales contract. A chattel mortgage implies title in the mortgagor, while in a conditional sales contract such as the one involved in this case, title is expressly retained by the vendor. This distinction is treated at some length in General Motors Acceptance Corporation v. Whitfield, — S. D. —, 253 N. W. 450.

Upon the record as it stood at the time the verdict was directed, plaintiff was entitled to a verdict for possession of the property.

The judgment and order appealed from are reversed.

WARREN, P. J., and CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.